On writ of certiorari (329 U. S. —) to review a judgment of the Court of Claims holding that in an award of “just compensation” to a lessee for the construction of a hotel and other buildings pursuant to the provisions of the Act of March 30,1920 (41 Stat. 538, 548) interest should be included as part of just compensation, since the case was a suit upon a contract providing for just compensation upon the annulment or termination of the contract, in accordance with the Act of Congress and not for just compensation as for a taking under the Fifth Amendment.
The judgment of the Court of Claims was reversed by the Supreme Court January 20, 1947, to the extent that the judgment includes an allowance of interest.
Mr. Justice Murphy delivered the opinion of the Supreme Court, holding:
1. The traditional rule, embodied in statute, that interest cannot be recovered against the United States on unpaid accounts or claims in absence of an express provision to the contrary in a relevant statute or contract, does not apply where the United States takes property under its power of eminent domain, since the reference in the Fifth Amendment to “just compensation” entitles a property owner to receive interest from date of taking to date of payment.
2. Where both the statute providing for erection of hotel by lessee on military reservation at West Point and the lease provided for payment of “just compensation” by the Government in event it took over hotel on cancellation of lease but contained no provision for interest, lessee of hotel after it was taken over by the Government was not entitled to interest from time Government took over hotel until time the Court of Claims *715 determined amount due to lessee from Government for hotel.
3. To authorize award under Government contract of interest against the United States, provision in contract for interest must be affirmative, clear cut, and unambiguous, and the term “just compensation” is insufficient to include interest.
4. Where a statute is relied upon as authorization of award of interest against the United States, intention of Congress to permit recovery of interest must be expressly and specifically set forth in the statute, and mere use of the term “just compensation” without more is insufficient.